Loeing-, J.,
delivered the opinion of the court:
It was contended for the petitioners in this case that they were entitled toa demurrage-compensation for the detention of the Meteor under the seizure by the United States, and in their petition they fixed the amount of this item of claim at $84,350. But we think a demurrage-compensation is precluded by the act referring this case to this court. In its technical and popular signification, demurrage is compensation for the delay of a ship in her employment or voyage. And in this case the joint resolution referring it here expressly excludes “ all damages for loss of market or breaking up of a ■voyage.” And the rule of law as well as of logic is uomne magus eontinet in se minus. And where an act forbids the consideration of the breaking up of a voyage, it cannot intend compensation for delaying it. And on the evidence in this case the voyage was literally broken up ; for when the vessel was seized, she was on the eve of sailing for a foreign port, and on and because of the seizure her crew were discharged. She was detained in New York five months, and *255 she was then sent to Boston for necessary repairs, and detained there three months more. Manifestly this was an absolute breaking up of the voyage on which she was bound when seized; and it is for this, if for anything, that demurrage must be allowed. The words of the joint resolution authorizing us to find damages are as follows: “Provided, That said damage shall only include detention, deterioration, and actual expenditures, but excluding all damages for loss of market or brealcingup a voyage.” And when Congress used this language they knew precisely the facts of the case, for the petitioners had exhibited them all in their memorial to Congress, on which the resolution passed.
If demurrage, i. e., a per-diem compensation, in substitution for warnings, cannot be allowed, then the only other mode of allowing for the detention of the Meteor is to treat her as so much capital, instead of a freight-earning vessel. And we think that mode of fixing the allowance for the detention is dictated by the law and the facts of the case.
And for the grounds of damage specified and prescribed to us in the act, viz, “ detention, deterioration, and actual expenditures,” we allow in all $80,259; for which judgment is rendered, and will be certified to the petitioners.